# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> RONALD E. AUSTIN, TRUSTEE, EDWIN STREET REAL ESTATE TRUST u/d/t DATED SEPTEMBER 24, 2003, RONALD E. AUSTIN, and CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT, <br><br> Defendants. | Civil Action No. |

## COMPLAINT IN CIVIL ACTION

Plaintiff, JPMorgan Chase Bank, N.A. ("**Chase**"), by and through its attorneys, White and Williams LLP, avers and represents, as follows:

## PARTIES

1. Chase is a national bank with a principal place of business located at 1111 Polaris Parkway, Columbus, Ohio 43240.

2. Defendant, Edwin Street Real Estate Trust u/d/t dated September 24, 2003, (the "**Trust**"), is a Massachusetts nominee trust with a principal place of business located at 237 Dedham Street, Canton, Massachusetts 02021.

3. Upon information and belief, Ronald E. Austin ("**Austin**"), is an individual and the sole trustee and beneficiary of the Trust and with an address of 237 Dedham Street, Canton, Massachusetts 02021.

16931885v.1

4. The City of Boston Inspectional Services Division ("**Boston ISD**") is a division of the City of Boston with a place of business at 1010 Massachusetts Avenue, 5th Floor, Boston, MA 02118.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and because there is complete diversity of citizenship among (a) the Plaintiff, Chase, a citizen of the State of Ohio, (b) the Trust, its Trustee and beneficiary, who are citizens of the Commonwealth of Massachusetts and (c) Boston ISD, a municipal division and a citizen of the Commonwealth of Massachusetts.

6. Venue is proper in this district because the principal place of business of the Trust, its Trustee and beneficiary, Boston ISD, a substantial portion of the transactions and events set forth in this Complaint, and the Mortgaged Property (as defined below), are located and/or occurred in the District of Massachusetts.

## LOAN BACKGROUND AND DEFAULTS

7. On or about October 28, 2005, Washington Mutual Bank ("**WaMu**") entered into a loan transaction with the Trust whereby WaMu loaned the Trust the original principal amount of $1,061,250.00 (the "**Loan**").

8. The Loan is evidenced by a certain Promissory Note and Prepayment Addendum to Promissory Note (Yield Maintenance Prepayment Premium for Fix Rate Note) (collectively, the "**Note**") dated as of October 28, 2005 and executed and delivered by the Trust to WaMu. A true and correct copy of the Note, redacted to remove certain confidential information, is attached hereto, marked as **Exhibit A** and incorporated herein by reference.

-3-

9. To secure repayment of the Loan, the Trust executed and delivered to WaMu a certain Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated as of October 28, 2005 (**"Mortgage"**).  A true and correct copy of the Mortgage, redacted to remove certain confidential information, is attached hereto, marked as **Exhibit B** and incorporated herein by reference.

10. The Mortgage was recorded on or about October 28, 2005, in the Office of the Register of Deeds of Suffolk County Massachusetts ("**Recorder's Office**"), in Book 38358, page 87 *et seq*.

11. The Mortgage encumbers the Property (as defined in the Mortgage), which includes without limitation the real estate located at 3-5 Edwin Street, Dorchester, Massachusetts as more fully described in the legal description attached as Exhibit A to the Mortgage and all other personalty, rental income and other assets associated with the Property. The Property and all other collateral and rights set forth in the mortgage are hereinafter collectively referred to as the "**Mortgaged Property**".

12. The Trust is the record owner of the Mortgaged Property by deed dated September 24, 2003 from Marc Tassy, Trustee of the Lakeside Realty Trust u/d/t dated January 15, 1999, recorded on September 25, 2003, in the Recorder's Office in Deed Book 32864, page 63 *et seq*.

13. As further security for the repayment of the Loan, Austin agreed, pursuant to a Guaranty dated October 28, 2005 (the "**Guaranty**"), to serve as guarantor and surety for the Loan.  A true and correct copy of the Guaranty, redacted to remove certain confidential information, is attached hereto, marked as **Exhibit C,** and incorporated herein by reference.

16931885v.1

14. The Federal Deposit Insurance Corporation, as receiver for WaMu assigned all of WaMu's rights, title and interest in and to the Loan, the Note, the Guaranty and the Mortgage to Fannie Mae pursuant to an Assignment of Security Interest and Loan Documents dated March 13, 2014, recorded on March 21, 2014, in the Recorder's Office at Book 52776, page 143 *et seq*. (the "**First Assignment**").  A true and correct copy of the First Assignment, redacted to remove certain confidential information, is attached hereto, marked as **Exhibit D** and incorporated herein by reference.

15. On December 9, 2015, Fannie Mae assigned all of its right, title and interest in the Loan, the Note, the Guaranty and the Mortgage to Chase pursuant to an Assignment of Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing, recorded on December 24, 2015, in the Recorder's Office at Book 55518, page 19 *et seq* (the "**Second Assignment**", and collectively with the First Assignment, the "**Assignments**").  A true and correct copy of the Second Assignment, redacted to remove certain confidential information, is attached hereto, marked as **Exhibit E** and incorporated herein by reference.

16. The Trust is in default in its obligations under the Note and the Mortgage, for, among other reasons: (i) the failure to make regular payments of principal, interest and tax impounds from and after December 1, 2014; (ii) the failure to maintain insurance; (iii) the failure to maintain the Mortgaged Property in a habitable condition  (collectively, the "**Defaults**").

17. On March 18, 2016, Boston ISD filed its Verified Petition for the Appointment of a Receiver to Enforce the State Sanitary Code in the Housing Court Department (the "**ISD Petition**").  In the ISD Petition, Boston ISD alleged numerous health and safety violations with respect to the Mortgaged Property.  Pursuant to statute, the fees and expenses of a receiver have a lien priority superior to all other liens except taxes, including the Mortgage.  A

true and correct copy of the ISD Petition is attached hereto, marked as **Exhibit F**, and incorporated herein by reference.

19. Due to the occurrence and the continuance of the Defaults, the Chase elected to accelerate the repayment of the outstanding principal balance of the Loan. Despite acceleration of the repayment of the Loan and Chase's demand for payment, the Trust has not repaid the Loan in full.

19. Pursuant to the Assignments, Chase is the owner of the Loan, the Note, the Guaranty, the Mortgage and all other loan documents.

20. Not less than the following amounts are currently due and owing from the Trust and Austin under the Note, the Guaranty and the Mortgage and the other loan documents:

| | |
|---|---:|
| Principal balance | $915,359.40 |
| Accrued interest through 3/31/16 @ 5.85% | 72,290.50 |
| Default interest through 3/31/16 @ 5.00% | 57,718.50 |
| Advanced taxes | 12,068.91 |
| Advanced insurance | 6,757.86 |
| Appraisal fee | 1,000.00 |
| Late charges | 626.08 |
| Total | $1,065,821.25 |

* together with continuing interest on the principal balance of the Loan from and after March 31, 2016 at the rate of $275.879163 per day, and attorney's fees and expenses incurred by Plaintiff (collectively, "**Outstanding Loan Amounts**").

-6-

21. Pursuant to Article 3 of the Mortgage, the Trust is obligated to pay and/or reimburse Chase for the fees, expenses and costs of Chase's attorneys, experts and consultants incurred by Chase to collect the Loan or to enforce the loan documents.

22. As a result of the Defaults, Chase is entitled to the appointment of a receiver for the Mortgaged Property, the rents and the other Property (as defined in the Mortgage) pursuant to Section 5.3(a) of the Mortgage.

23. As of the filing of this Complaint, subject to the rights of the existing tenants, the Trust remains in possession and control of the Mortgaged Property.

24. Pursuant to Section 5.2 of the Mortgage: (a) Chase is authorized to make any payment or advance to protect the Mortgaged Property, including without limitation advances to maintain the Mortgage Property, pay impositions and insurance premiums (collectively, "**Protective Advances**"); and (b) all Protective Advances made by Chase are part of the debt and/or obligations secured by the Mortgage.

## COUNT I – BREACH OF NOTE

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as fully as though such paragraphs were set forth herein at length.

26. As a result of the Defaults, the Trust is in default or breach of the Note beyond any applicable notice or cure period.

27. As a result, the Trust is indebted to Chase for the Outstanding Loan Amounts under the Note.

WHEREFORE, the Plaintiff, JPMorgan Chase Bank, N.A. respectfully requests judgment in its favor and against Defendant, Edwin Street Real Estate Trust u/d/t dated September 24, 2003, as follows:

16931885v.1

(a) For money damages against the Trust in the amount of $1,065,821.25, together with (i) interest on the principal balance of the Loan from and after March 31, 2016 (including the period after the entry of judgment) at the rate of $275.879163 per day, (ii) any Protective Advances made by Chase after the filing of this Complaint, and (iii) all attorney's fees, expenses and costs incurred by Chase before and after the filing of this Complaint as authorized under the Loan Documents;

(b) For the appointment of a receiver for the Mortgaged Property and the Rents with the power and authority to collect the Rents, and to control, possess, manage, lease and/or sell the Mortgaged Property or any part thereof, together with such other powers and authority as the Court may grant; and

(c) For such other relief to permit Chase to exercise and enforce all of its rights and remedies in, to and against all collateral and property of the Trust assigned, pledged and/or granted as security to or in favor of Chase under the Note.

## COUNT II – MORTGAGE FORECLOSURE

28. Chase incorporates by reference paragraphs 1 through 27 of this Complaint as fully as though such paragraphs were set forth herein at length.

29. As a result of the Defaults, the Trust is in default or breach of the Mortgage beyond any applicable notice or cure period.

30. As a result, Chase is entitled to enforce and foreclose the Mortgage to recover the Outstanding Loan Amounts that the Trust owes under the Note and the Mortgage.

WHEREFORE, the Plaintiff, JPMorgan Chase Bank, N.A., respectfully requests judgment in the Plaintiff's favor and against defendant, Edwin Street Real Estate Trust u/d/t September 24, 2003:

(a) For judgment in mortgage foreclosure against the Trust in the amount of $1,065,821.25, together with (i) interest on the principal balance of the Loan from and after March 31, 2016 (including the period after the entry of judgment) at the rate of $275.879163 per day, (ii) any Protective Advances made by Chase after the filing of this Complaint, and (iii) all attorney's fees, expenses and costs incurred by Chase before and after the filing of this Complaint as authorized under the Mortgage;

(b) For the immediate possession of the Mortgaged Property and the other Property (as defined in the Mortgage), or any part thereof; and

(c) For the appointment of a receiver for the Property (as defined in the Mortgage) with the power and authority to collect the Rents, and to control, possess, manage, lease and/or sell the Property (as defined in the Mortgage) or any part thereof, together such other powers and authority as the Court may grant;

(d) For the sale of the Mortgaged Property and the other Property (as defined in the Mortgage) pursuant to the terms of the Power of Sale contained in the Mortgage and the requirements of G.L.C. 244 §§ 11-17C, or any part thereof, foreclosing and extinguishing Defendant's equity of redemption therein; and

(e) For such other relief to permit Chase to exercise and enforce all of its rights and remedies in, to and against the Property (as defined in the Mortgage) assigned, pledged, mortgaged and/or granted as security to or in favor of Chase under the Mortgage.

### COUNT III – BREACH OF GUARANTY

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as fully as though such paragraphs were set forth herein at length.

32. As a result of the Defaults, Austin is in default or breach of his obligations under the Guaranty beyond any applicable notice or cure period.

33. As a result, Austin is indebted to Chase for the Outstanding Loan Amounts under the Note.

WHEREFORE, the Plaintiff, JPMorgan Chase Bank, N.A. respectfully requests judgment in its favor and against Defendant, Ronald E. Austin, as follows:

(a) For money damages against Ronald E. Austin in the amount of $1,065,821.25, together with (i) interest on the principal balance of the Loan from and after March 31, 2016 (including the period after the entry of judgment) at the rate of $275.879163 per day, (ii) any Protective Advances made by Chase after the filing of this Complaint, and (iii) all attorney's fees, expenses and costs incurred by Chase before and after the filing of this Complaint as authorized under the Loan Documents; and

(b) For such other relief to permit Chase to exercise and enforce all of its rights and remedies in and with respect to the Guaranty.


Dated:  April 7, 2016                               JPMORGAN CHASE BANK, N.A,

By its Attorneys,

/s/David B. Chaffin
David B. Chaffin, Esquire (BBO#549245)
Rachel J. Eisenhaure (BBO# 663876)
WHITE AND WILLIAMS LLP
101 Arch Street, Suite 1930
Boston, MA  02110
Tel.: (617) 748-5200
Fax: (617) 748-5201
chaffind@whiteandwilliams.com
eisenhaurer@whiteandwilliams.com